Opinion issued October 31, 2002

 





 








In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00129-CR






JOSE V. MORENO, Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 862194






O P I N I O N


A jury convicted appellant, Jose V. Moreno, of aggravated sexual assault of a
child and assessed punishment of seven and a half years' imprisonment. In a single
point of error, appellant argues that the verdict of the jury was so contrary to the great
weight of the evidence as to be manifestly unjust. We affirm.

Background

 At trial, the State offered the testimony of the complainant, P.C.; her mother,
Norali Mejia; and a pediatrician from the Children's Assessment Center in Houston. 
Norali Mejia testified that she had met appellant in January 2000 and that he had
come to live with Mejia and her daughter in May or June of 2002, after Mejia had
been briefly hospitalized for depression. 

 On the morning of October 2, 2000, her daughter's 11th birthday, Mejia saw
appellant approach her daughter as if to give her a congratulatory hug. Mejia testified
that she became concerned when she saw her daughter push appellant away. Later
that morning, appellant asked Mejia if he could drop P.C. off at her school. Mejia
was surprised by this offer because it was not his normal practice. Returning home
early from work later that afternoon, looking through the window into the apartment,
Mejia saw appellant pointing and gesturing at P.C., who appeared frightened. When
Mejia entered the apartment, appellant became very red in the face and nervous, and
offered to pay the rent for her that month, which he did not usually do, and left the
apartment. Mejia asked her daughter whether appellant had ever touched her, and
P.C. confirmed that appellant had "touched her leg."

 During her testimony, P.C. stated that appellant had sexually assaulted her
"with his middle part" on the day before her birthday and that, during the
conversation her mother had witnessed on the afternoon of her birthday, appellant had
been warning her not to tell her mother about the abuse. While P.C. was able to
clearly describe the assault on October 1, 2002, both verbally and by gesturing to
anatomically correct dolls, she was less able to fix the exact dates and instances of
other times appellant had assaulted her. Although P.C. stated on direct examination
that the only time appellant actually penetrated her vagina with his penis was on the
day before her birthday, she could not remember how many other times appellant had
put his hand into her vagina. She did, however, testify that he had done so more than
five times, and that appellant would give her candy or money after he had done so.

 The State also offered the testimony of the pediatrician who examined P.C. on
October 4, 2000 at the medical clinic of the Children's Assessment Center. The
pediatrician testified that P.C. told her appellant had assaulted her "ten times," and
that when she conducted a detailed physical examination of P.C., she found that a
healed transection, or complete cut, all the way through P.C.'s hymen. The
pediatrician characterized the finding as "clear evidence of penetrating vaginal
trauma." During direct examination, the pediatrician explained that a transection that
had healed meant the cut was not a fresh, "very new injury" and that the cut stopped
bleeding after "a few days." On cross-examination, the pediatrician admitted that she
was unable to give a more specific time frame for the trauma to P.C.'s hymen, but she
confirmed that penetration was the only way for that type of trauma to occur. 

Factual Sufficiency

 In his sole point of error, appellant contends the evidence was factually
insufficient to sustain his conviction. Appellant argues that the pediatrician's
testimony that the cut she found on P.C.'s hymen on October 4, 2000 was not a "very
new injury" contradicts P.C.'s statement that all of the sexual abuse occurred on
October 1, 2000.

 Under the factual sufficiency standard, we ask "whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Accordingly, we
will reverse the fact finder's determination only if "a manifest injustice has
occurred." Id. at 12. In conducting this analysis, we may disagree with the jury's
determination, even if probative evidence supports the verdict, but we must avoid
substituting our judgment for that of the fact finder. Id.

 In support of his factual insufficiency argument, appellant points to P.C.'s
testimony about the incidents of sexual abuse. Appellant contends that P.C. stated 
appellant assaulted her on October 1, 2000, the day before her birthday, and that she
further stated this was the only time appellant assaulted her. Appellant compares this
testimony to that given by the pediatrician who examined P.C. at the Children's
Assessment Center that the trauma to P.C.'s hymen was a "healed transection" and
not a "very new injury." Appellant's main contention is that the testimony given by
the pediatrician conflicted with P.C.'s account of the times and dates of abuse, and
the jury's verdict was, therefore, against the weight of the expert testimony. 

 Appellant, however, does not consider either testimony in its entirety. P.C.'s
account of the abuse was disjointed, and while she agreed when asked on cross-examination whether October 1, 2000 was the only time that appellant had assaulted
her, the rest of her testimony at trial and her statements to the pediatrician at the
Children's Assessment Center indicate that she had been assaulted on other
occasions. The pediatrician's testimony regarding the age of the trauma she
discovered was less clear than appellant maintains: she testified only that the trauma
to P.C.'s hymen was not "very new" and was "a few days out" from the event.

 The weight to be given contradictory testimony is within the sole province of
the jury. Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981); see Sandoval v.
State, 52 S.W.3d 851, 854 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). To
avoid substituting our judgment for the fact finder's, therefore, we must defer to the
fact finder's determinations, particularly those that concern the weight and credibility
of the evidence. Johnson, 23 S.W.3d at 9. In this instance, the matter is easily
resolved, as the contradiction in the testimony is merely illusory. In light of all of the
evidence presented at trial, we do not find that the proof of guilt presented by the
State so weak or outweighed by contrary evidence as to render the verdict manifestly
unjust.

 Accordingly, we overrule appellant's sole point of error. 

 We affirm the judgment of the trial court. 

 

 

 Frank C. Price (1)

 Justice 

 

Panel consists of Justices Taft, Alcala, and Price.

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.